

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WASSIM M. YOUNES, M.D., R.Ph., and
WASSIM M. YOUNES, M.D., P.L.C.,

      Plaintiffs,

v.

SYLVIA M. BURWELL, et. al.,

      Defendants.
_____/

Case No. 15-11225

Honorable John Corbett O'Meara

## OPINION AND ORDER DENYING
## PLAINTIFFS' MARCH 31, 2015 MOTION FOR TEMPORARY RESTRAINING ORDER
## AND DISMISSING THE ACTION

This matter came before the court on Plaintiffs' March 31, 2015 Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. Defendants filed a response April 1, 2015; and Plaintiffs filed a reply brief April 1, 2015. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

### BACKGROUND FACTS

Plaintiffs Dr. Wassim M. Younes and his corporation seek a temporary restraining order preventing the Centers for Medicare and Medicaid Services ("CMS"), a component agency of the U.S. Department of Health and Human Services, from revoking their Medicare billing privileges on April 2, 2015. Plaintiffs argue that CMS did not perform a proper investigation before providing them notice of the intent to revoke and that CMS did not provide Plaintiffs a pre-revocation hearing. Plaintiffs argue that CMS has violated its own regulations, as well as Plaintiffs' due process rights under the Fifth Amendment.

## LAW AND ANALYSIS

The Medicare Act specifically prescribes federal court jurisdiction to hear claims challenging its determinations. Cathedral Rock of N. Coll. Hill, Inc. v. Shalala, 223 F.3d 354, 358 (6th Cir. 2000); 42 U.S.C. § 1395cc(h)(1); 42 U.S.C. §§ 405(g) and (h). "The Secretary's findings and decision to terminate participation in the Medicare program [ ] are subject to judicial review under § 405(g)," which limits judicial review to a "final decision" of the agency. Cathedral Rock, 223 F.3d at 358; 42 U.S.C. § 1395cc(h)(1); 42 U.S.C. § 405(g). The Medicare Act specifically eliminates federal court jurisdiction for claims challenging the agency's actions under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1346 (United States as a defendant). As a result, "[t]his section 'channels most, if not all, Medicare claims through [the] special review system' of an administrative hearing and 'purports to make exclusive the judicial review method set forth in § 405(g).'" Cathedral Rock, 223 F.3d at 359 (quoting Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 8 (2000)).

The United States Court of Appeals has held that federal courts lack jurisdiction to hear challenges to revocation decisions prior to administrative exhaustion because "the bar of § 405(h) reaches beyond ordinary administrative law principles of 'ripeness' and 'exhaustion of administrative remedies' . . . and instead 'demands the 'channeling' of virtually all legal attacks through the agency,'" even though "this assurance comes at a price, namely, occasional individual, delay-related hardship." Id. at 359 (quoting Illinois Council, 529 U.S. at 8).

Furthermore, the Sixth Circuit has rejected the claim that the due process clause of the Fifth Amendment entitles a plaintiff to a pre-revocation hearing because after "[b]alancing the government's strong interest in an expeditious procedure against the provider's less significant

interest and the relatively small risk of erroneous termination . . . a provider's procedural due process rights are adequately protected by a post-termination hearing." Id. at 365.

The Sixth Circuit and federal district courts in this circuit have repeatedly dismissed actions to enjoin CMS from revoking a provider's or supplier's Medicare billing privileges for lack of subject matter jurisdiction when the provider, as in this case, has not yet exhausted its administrative remedies. See Farkas v. Blue Cross & Blue Shield of Michigan, 24 F.3d 853, 854 (6th Cir. 1994); Autumn Health Care of Zanesville, Inc. v. United States Dep't of Health & Human Servs., 959 F. Supp. 2d 1044, 1046 (S.D. Ohio 2013). Accordingly, Plaintiffs' claims are barred for lack of subject matter jurisdiction due to their failure to exhaust administrative remedies.

To the extent Plaintiffs allege a Fifth Amendment claim to directly challenge a decision to terminate government benefits under Social Security or Medicare, the Supreme Court has held that such a claim is barred by 42 U.S.C. § 405(g) and (h). Mathews v. Eldridge, 424 U.S. 319, 330 (1976); see also Cathedral Rock, 223 F.3d at 361-62 (holding that Eldridge's "'entirely collateral' exception . . . is not applicable to the claims . . . because they directly challenge the Secretary's substantive determinations.") However, to the extent that a claim is limited to seeking a hearing prior to the deprivation of a property right, such an "entirely collateral" claim could proceed under the Fifth Amendment. Eldridge, 424 U.S. at 330-31.

In this case "Dr. Younes seeks uninterrupted Medicare participation through a stay and reversal of CMS's revocation." Compl. at ¶ 20. Accordingly, it is clear that Plaintiffs' Fifth Amendment claims is an attempt to challenge the agency's revocation determination and is "inextricably intertwined" with their claim for a "reversal of CMS's revocation" and does not provide jurisdiction under Eldridge and Cathedral Rock.

3

## ORDER

It is hereby **ORDERED** that Plaintiffs' March 31, 2015 Emergency Motion for Temporary Restraining Order and Preliminary Injunction are **DENIED.**

It is further **ORDERED** that this action is **DISMISSED,** as the court lacks federal subject matter jurisdiction.

                                                                             _____
                                                                             John Corbett O'Meara
                                                                             United States District Judge

Dated: April 2, 2015